# NO. 12-24-00298-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE: WILLIE JAMES JONES,* | § | |
| | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## MEMORANDUM OPINION
### PER CURIAM

Willie James Jones, acting pro se, filed this original proceeding to challenge Respondent's failure to rule on his motion to vacate/set aside sentence.[1]  *See Jones v. State*, No. 12-21-00224-CR, 2022 WL 17685748 (Tex. App.—Tyler Dec. 14, 2022, pet. ref'd) (mem. op., not designated for publication) (affirming Relator's convictions for murder, unlawful possession of a firearm by a felon, and violation of a protective order).

On October 10, 2024, the Clerk of this Court informed Relator that his petition fails to comply with appellate Rules 52.3(a)-(g), (j)-(k) and 52.7.[2] *See* TEX. R. APP. P. 52.3 (contents of petition);  TEX. R. APP. P. 52.7 (record). The notice warned that the petition would be referred to this Court for dismissal unless Relator provided an amended petition before October 21. This Court received no record, amended petition, or other response from Relator.

---

[1] Respondent is the Honorable Mark A. Calhoon, Judge of the 3rd District Court in Houston County, Texas, who presided over the underlying proceedings in the 349th District Court in Houston County.  The State of Texas is the Real Party in Interest.

[2] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel. *In re Guerrero*, No. 12-21-00100-CR, 2021 WL 3412558, at *1 n.3 (Tex. App.—Tyler Aug. 4, 2021, no pet.) (mem. op., not designated for publication).

Generally, a party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief. *See* TEX. R. APP. P. 52. Texas Rule of Appellate Procedure 52.7 requires the relator to file a record as part of his petition in an original proceeding. TEX. R. APP. P. 52.7. Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). It is a relator's burden to provide this court with a record sufficient to establish the right to extraordinary relief. *See **In re Daisy***, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.–Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication).

In this case, Relator did not provide a record in accordance with Rule 52.7. Absent a record, we cannot determine whether Relator is entitled to mandamus relief. *See **In re McCreary***, No. 12-15-00067-CR, 2015 WL 1395783 (Tex. App.–Tyler Mar. 25, 2015, orig. proceeding) (per curiam) (mem. op., not designated for publication). Accordingly, we ***deny*** Relator's mandamus petition.

Opinion delivered October 31, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 31, 2024**

**NO. 12-24-00298-CR**

**WILLIE JAMES JONES,**
Relator
V.

**HON. JUDGE MARK A. CALHOON,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Willie James Jones, who is the relator in appellate cause number 12-24-00298-CR and the defendant in trial court cause number 19CR-115, formerly pending on the docket of the 349th Judicial District Court of Houston County, Texas. Said petition for writ of mandamus having been filed herein on October 10, 2024, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*